Gheen, J.
delivered the opinion of the court.
In this case the plaintiffs below produced no grant for the land, or regular chain of title to themselves; but a decree of the court of Court of Chancery at Bolivar, in the case of Malone against Mary Harris and Amos Vincent, ordering the land to be sold — and a final decree in the same case, vesting in Geo. Dilliard and William E. Malone (the purchasers under the interlocutory decree) all the title of the said Mary Harris and Amos Vincent, were read in evidence, and relied on as the plain-tifi’s title. There was proof that the defendants Vincent and Siglar were in possession of the land at the commencement of this suit, but there was no proof that Vincent was in possession at the time of the chancery sale and decree aforesaid.
The court told the jury that this title was sufficient to authorize a recovery. In this we think the court erred. Vincent is not shown to have been in possession at the time of this chancery sale and decree, and consequently cannot be regarded as quasi tenant of the purchasers at the sale, and thereby estopped *17 to dispute their title. This point was decided by this court several years ago, in the case of Kimbro vs. Jesse Benton.* Kimbro had recovered a judgment against Benton, and levied his execution on a tract of land in Shelby county, which was sold, and Kimbro became the purchaser. He obtained a sheriff’s deed, and sued Benton in ejectment. It was not proved that Benton was in possession at the time of the sale, under which the plaintiff claimed title; and this court decided (Cat-ron, chief justice, delivering the opinion of the court) that Benton was not estopped to deny the plaintiff’s title, and that not having produced a regular chain of title, he could not recover. This sale and purchase of defendants in error can have no greater effect, than the sale under judgment and execution at law; and, therefore, the case of Kimbro vs. Benton is conclusive of this question. The judgment must be reversed.

See Appendix post.